UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01981-FWS (SHK) | Date: | October 10, 2024 |
| Title: | Roy Bennett v. Warden, FCI Victorville | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Petitioner(s):         Attorney(s) Present for Respondent(s):

None Present                                                      None Present

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE**

On October 3, 2024, the Court issued a Minute Order ("MO") denying pro se Petitioner Roy Bennett's ("Petitioner") Request for a Temporary Restraining Order ("TRO Request"). Electronic Case Filing Number ("ECF No.") 1 TRO Request; ECF No. 12, MO.  In the TRO, the Court acknowledged Respondent Warden, Federal Correctional Institution ("FCI"), Victorville's ("Respondent") statement that "on October 1, 2024, [U.S. Immigration and Customs Enforcement ("ICE")] picked up Petitioner from [the Bureau of Prisons ("BOP")]" and, "[t]herefore, Petitioner is no longer in custody."  ECF No. 12, MO at 2 (citations, brackets, and internal quotation marks omitted).

On October 7, 2024, the MO was returned to the Court as undeliverable ("Returned Mail") with a notation stating "return to sender[,] not deliverable as addressed[,] unable to forward[.]"  ECF No. 13, Returned Mail (capitalization normalized).

Based on the recent Returned Mail, and Respondent's statement that Petitioner is no longer in BOP custody, the Court concludes that Petitioner failed to properly inform the Court of his current address.  Local Civil Rule of the United States District Court for the Central District of California ("Local Rule" or "L.R.") 41-6 requires a pro se party to keep the Court and opposing parties apprised of the party's current address, telephone number, and e-mail address, if any.  L.R. 46-1.  If mail directed by the Court to a pro se party's address of record is returned undelivered by the Unites States Postal Service ("USPS") "and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court

document, the Court may dismiss the action with or without prejudice for failure to prosecute." Id.

Because mail sent to Petitioner was returned as undeliverable on October 7, 2024, and because Petitioner has not notified the Court of his new address, Petitioner is ORDERED TO SHOW CAUSE, by **October 21, 2024**, why this case should not be dismissed for failure to prosecute and follow Local Rule 41-6. Petitioner can satisfy this order by updating the Court with his current address by the date above.

Petitioner is cautioned that failure to update the Court with his current address by the above stated deadline **will result in a recommendation that this action be dismissed for failure to prosecute, follow Court orders, and follow the Local Rules.**

**IT IS SO ORDERED.**